Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| GRUPO ATABAYA LLC<br><br>**Peticionario**<br><br>V.<br><br>MUNICIPIO DE SANTA ISABEL<br><br>**Recurrida** | TA2026CE00141 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Ponce<br><br>Civil Núm. SI2024CV00056<br><br>Sobre:<br>Cobro De Dinero – Ordinario y Otros |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 19 de febrero de 2026.

El 6 de febrero de 2026, el Grupo Atabaya LLC (Grupo Atabaya o el peticionario) compareció ante nos mediante un *Recurso de Certiorari* y solicitó la revisión de dos (2) órdenes, a saber, una *Orden* que se emitió el 19 de enero de 2026 y se notificó el 21 de enero de 2026 y otra emitida el 29 de enero de 2026 y notificada el 30 de enero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI).

Mediante la primera *Orden*, el TPI declaró Ha Lugar la *Solicitud de Orden Subpoena al amparo de las Reglas de Procedimiento Civil* que presentó el Municipio de Santa Isabel (Municipio o el recurrido) el 19 de enero de 2026. En la segunda Orden, el TPI declaró Ha Lugar la *Solicitud de Orden Subpoena al amparo de las Reglas de Procedimiento Civil a COR3* que presentó el Municipio el 29 de enero de 2026. En consecuencia, emitió una serie de órdenes a los siguientes municipios: Arecibo, Cabo Rojo, Ceiba, Coamo, Trujillo Alto, Utuado y Vieques (en conjunto, los municipios), así como a la Oficina Central de Recuperación, Reconstrucción y Resiliencia (COR3) para que produjeran

documentación sobre la prestación de servicios por parte del peticionario a los municipios desde el 22 de abril de 2021 hasta el 30 de agosto de 2022.

Por los fundamentos que expondremos a continuación, expedimos el recurso de epígrafe y ***revocamos*** los dictámenes recurridos.

**I.**

El 4 de marzo de 2025, el peticionario presentó una *Segunda Demanda Enmendada* sobre incumplimiento contractual, cobro de dinero, sentencia declaratoria y daños y perjuicios en contra del Municipio.[1] Allí, alegó que el 22 de abril de 2021, el recurrido y el Grupo Atabaya otorgaron un contrato intitulado *Professional and Consultive Services Agreement* (Contrato), para ofrecer servicios de gerencia elegibles a programas de FEMA, entre otros, requeridos por el Municipio mediante "Task Orders" hasta un máximo de $250,000.00. Sostuvo que, el mencionado acuerdo fue enmendado en tres (3) ocasiones: la primera enmienda aumentó el monto del Contrato a $700,000.00; la segunda enmienda estableció las partidas presupuestarias para la primera enmienda; y la tercera enmienda añadió $470,876.00 al monto total que ahora sumaba $1,170,876.00 y extendió su término.

Dicho esto, manifestó que realizó los trabajos requeridos por el Municipio bajo el Contrato por la suma de $991,036.92. Indicó que, en o alrededor de mayo de 2022, el recurrido realizó varios pagos parciales que ascendían a $96,468.19. No obstante, señaló que el Municipio se había negado a pagar el balance restante de $894,568.73, cantidad que era líquida, vencida y exigible. Por lo que, esbozó que el Municipio estaba en incumplimiento con sus obligaciones contractuales bajo el Contrato. Así, esgrimió que, debido a la falta de pago, se vio forzado a detener los trabajos

---

[1] *Véase*, Entrada Núm. 42, SUMAC TPI.

hasta tanto el Municipio pagara el balance adeudado. De igual forma, añadió que ante las gestiones de cobro realizados por el Grubo Atabaya, el recurrido comenzó a dar indicio de cierto alegado descontento con los servicios recibidos y que, valiéndose de artimañas, alegaciones vagas y estereotipadas, el 30 de agosto de 2022, el Municipio decretó la cancelación del Contrato.

A tales efectos, el peticionario solicitó: (1) que el Municipio le pagara el balance adeudado de $894,568.73, cantidad que era líquida, vencida y exigible, más los intereses por mora acumulado; (2) una partida de $650,000.00 por concepto de pérdida de ingresos y/o pérdida de oportunidades, más intereses por mora por una suma de $200,000.00; (3) una partida de $350,000.00 por daños al nombre de Grupo Atabaya; y (4) que el TPI dictara una sentencia declaratoria donde decretara que el incumplimiento y/o cancelación del Contrato por parte del Municipio fue injustificada, o inoficiosa, debido a que fue este y no el peticionario, quien incumplió con sus obligaciones contractuales.

En respuesta, el 14 de abril de 2025, el recurrido presentó su *Contestación a Segunda Demanda Enmendada*.[2] En esta, alegó que el Grupo Atabaya realizó trabajos que no fueron requeridos por el Municipio según se establecía en el Contrato. Así, señaló que las cantidades reclamadas no eran correctas y que el peticionario duplicó la facturación de algunos trabajos y presentó facturas por tareas no realizadas.

Tras varios incidentes innecesarios pormenorizar, el 19 de enero de 2026, el Municipio presentó una *Solicitud de Orden Subpoena al amparo de las Reglas de Procedimiento Civil*.[3] Allí, solicitó al TPI que emitiera una orden para que los municipios produjeran una serie de documentos e información sobre los

---

[2] *Véase*, Entrada Núm. 51, SUMAC TPI.
[3] *Véase*, Entrada Núm. 84, SUMAC TPI.

servicios que recibieron del Grupo Atabaya desde el 22 de abril de 2021 hasta el 30 de agosto de 2022.

En desacuerdo, el 21 de enero de 2026, el peticionario presentó su *Oposición a Solicitud de Orden Subpoena al amparo de las Reglas de Procedimiento Civil*.[4] En esencia, puntualizó que la solicitud era improcedente toda vez que la información y los documentos que procuraba eran impertinentes a la presente acción y que no conduciría a la obtención de prueba pertinente y admisible. Asimismo, indicó que el recurrido no formó parte de los contratos otorgados entre el Grupo Atabaya y los respectivos municipios. Por lo que, razonó que dichos contratos eran ajenos a la controversia de epígrafe.

Examinado los escritos, el 19 de enero de 2026, el TPI emitió una *Orden* que se notificó el 21 de enero de 2026, donde autorizó el descubrimiento de prueba solicitado por el Municipio del 19 de enero de 2026.[5] En consecuencia, el 22 de enero de 2026, el TPI notificó una serie de órdenes enmendadas a los municipios donde ordenaba la producción de documentos e información respecto a los servicios recibidos de parte del Grupo Atabaya desde el 22 de abril de 2021 hasta el 30 de agosto de 2022.[6] Inconforme, el 22 de enero de 2026, el peticionario presentó una *urgente Moción de Reconsideración*,[7] sin embargo, el TPI la declaró No Ha lugar en esta misma fecha y la notificó al día siguiente.[8]

Asimismo, el 29 de enero de 2026, el recurrido presentó otra *Solicitud de orden Subpoena al amparo de la Reglas de Procedimiento Civil a COR3*.[9] Mediante esta, solicitó que se ordenara al COR3 que produjera documentación con relación a los

---

[4] *Véase*, Entrada Núm. 85, SUMAC TPI.
[5] *Véase*, Entrada Núm. 86, SUMAC TPI.
[6] *Véase*, Entradas Núm. 95-102, SUMAC TPI.
[7] *Véase*, Entrada Núm. 94, SUMAC TPI.
[8] *Véase*, Entrada Núm. 103, SUMAC TPI.
[9] *Véase*, Entrada Núm. 105, SUMAC TPI.

servicios prestados por el Grupo Atabaya a los municipios desde el 22 de abril de 2021 hasta el 30 de abril de 2022.

Inconforme, el 30 de enero de 2026, el peticionario presentó una *Oposición a Solicitud de Orden Subpoena al amparo de las Reglas de Procedimiento Civil a COR3 y en Solicitud de Orden Protectora.*[10] En particular, sostuvo que la documentación solicitada por el Municipio no era pertinente ni conduciría a la obtención de prueba pertinente y admisible. De igual forma, reiteró que el recurrido no formó parte de los contratos suscritos entre el Grupo Atabaya y los municipios antes reseñados. Por lo que, solicitó que el TPI emitiera una orden protectora al amparo de la Regla 23.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.2, para que no se llevara a cabo el descubrimiento de prueba solicitado por el recurrido y para que se limitara a aquellos asuntos que si estaban relacionados con el caso de epígrafe.

El 29 de enero de 2026, el TPI emitió una *Orden* que se notificó el 30 de enero de 2026, donde autorizó la solicitud de descubrimiento de prueba presentada por el Municipio el 29 de enero de 2026.[11] A tales efectos, el 30 de enero de 2026, notificó a la COR3 una *Orden* para que produjera la documentación solicitada.[12] Por otra parte, el 30 de enero de 2026, emitió y notificó una *Orden* en la cual declaró No Ha Lugar la *Oposición* presentada por el peticionario.[13]

Así las cosas, el 6 de febrero de 2026, el Grupo Atabaya presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **ERRÓ EL TPI EN AUTORIZAR Y EMITIR LAS ÓRDENES SOLICITADAS POR EL MUNICIPIO DE SANTA ISABEL YA QUE LOS DOCUMENTOS QUE SE PROCURAN OBTENER CON LAS MISMAS NO SON PERTINENTES PARA LA ACCIÓN DE EPÍGRAFE Y**

---

[10] *Véase*, Entrada Núm. 107, SUMAC TPI.
[11] *Véase*, Entrada Núm. 108, SUMAC TPI.
[12] *Véase*, Entrada Núm. 109, SUMAC TPI.
[13] *Véase*, Entrada Núm. 110, SUMAC TPI.

**TAMPOCO CONDUCIRÁN A LA OBTENCIÓN DE PRUEBA PERTINENTE Y ADMISIBLE.**

Cabe precisar que, junto al recurso de epígrafe, Grupo Atabaya presentó una *Moción solicitando Auxilio de Jurisdicción* y solicitó que se paralizara los procedimientos ante el TPI y se dejara sin efecto las órdenes que emitió el foro *a quo* con relación al descubrimiento de prueba. Examinado el recurso y la solicitud de auxilio de jurisdicción, el 6 de febrero de 2026, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 9 de febrero de 2026 para presentar su posición en cuanto al auxilio y hasta el 17 de febrero de 2026, para presentar su alegato en oposición al recurso.

Conforme a nuestro mandato, el 8 de febrero de 2026, el Municipio presentó su *Oposición a Moción solicitando Auxilio de Jurisdicción.* En esencia, sostuvo que el descubrimiento autorizado era pertinente toda vez que guardaba relación con las defensas del Municipio y con la evaluación de los daños reclamados. Además, señaló que la prueba solicitada no tenía que ser admisible en la presente etapa, sino que bastaba con que pudiera conducir a descubrimiento de prueba pertinente.

Aquilatados los planteamientos de las partes, el 9 de febrero de 2026, emitimos una *Resolución* donde ordenamos la paralización de las órdenes dirigidas a los municipios y a la COR3. Oportunamente, el 17 de febrero de 2026, el Municipio presentó su *Oposición a Expedición de Certiorari* y negó que el TPI cometiera el error que el Grupo Atabaya le imputó.

Con el beneficio de la comparecencia de ambas partes, procedemos a atender el asunto ante nos. *Veamos.*

## II.

### -A-

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan

interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, 216 DPR ____ (2025), enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

**-B-**

El descubrimiento de prueba "es el mecanismo utilizado por las partes para obtener hechos, título, documentos u otras cosas que están en poder del demandado o que son de su exclusivo conocimiento y que son necesarias para hacer valer sus derechos". *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021). Así, el fin de dicho mecanismo es: (1) delimitar las controversias; (2) facilitar la consecución de la evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 844 (2023) citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6.a ed., San Juan, Ed. LexisNexis, 2017, sec. 2802, págs. 333–334.

En ese sentido, desde *Sierra v. Tribunal Superior*, 81 DPR 554, 560 (1959), el Tribunal Supremo ha reconocido lo valioso y necesario que resulta un descubrimiento de prueba amplio y liberal. *McNeil Healthcare v. Mun. Las Piedras II, supra,* pág. 672. Esto, dado a que acelera los procedimientos, propicia las transacciones y evita las sorpresas indeseables durante el juicio. *Torres González v. Zaragoza Melendez, supra* pág. 845. Sin embargo, cabe precisar que, a pesar de que el descubrimiento de prueba se caracteriza por ser amplio y liberal, el Tribunal goza de amplia discreción para regularlo, de manera que se garantice una solución justa, rápida y económica. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 203 (2023).

Consonó con dichos principios, la Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1, dispone lo siguiente:

> El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, en conformidad con las disposiciones de estas reglas, será como sigue:
>
> (a) *En general.* Las partes podrán hacer descubrimiento sobre cualquier materia,

> no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles, y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

Es decir, el descubrimiento de prueba se extiende a cualquier materia que no sea privilegiada y que sea pertinente al asunto en controversia. *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 898-899 (2017). Así, la prueba pertinente es aquella que produzca o pueda producir, entre otras:

> (a) prueba que sea admisible en el juicio; (b) hechos que puedan servir para descubrir evidencia admisible; (c) datos que puedan facilitar el desarrollo del proceso; (d) admisiones que puedan limitar las cuestiones realmente litigiosas entre las partes; (e) datos que puedan servir para impugnar la credibilidad de los testigos; (f) hechos que puedan usarse para contrainterrogar a los testigos de la otra parte; (g) nombres de los testigos que la parte interrogada espera utilizar en el juicio. *McNeil Healthcare v. Mun. Las Piedras, et al.*, supra, pág. 674.

Igualmente, el TSPR ha expresado que "para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia". *Torres González v. Zaragoza Melendez, supra* pág. 845 citando a *Vincenti v. Saldaña,* 157 DPR 37, 54 (2002). No obstante, esto no implica que el descubrimiento de prueba sea ilimitado y que "constituya una carta en blanco que pueda usarse indiscriminadamente para hostigar, perturbar o hacer que una parte incurra en gastos innecesarios". *Consejo de Titulares del Condominio Parques de Cupey v. Triple-S Propiedad, Inc.,* 2025 TSPR 82, pág. 9, 216 DPR ___ (2025). En estas circunstancias, el

tribunal podrá "limitar el alcance y los mecanismos que se utilizarían". *Íd.* Ello, con el propósito de hacer un balance razonable entre una solución justa, rápida y económica y el interés de garantizar un descubrimiento de prueba amplio y liberal. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 214.

**III.**

Mediante su único señalamiento de error, el peticionario esbozó que el TPI erró en autorizar y emitir las órdenes solicitadas por el Municipio, el 19 y 29 de enero de 2026, ya que los documentos que se procuraban no eran material para la reclamación ni conduciría a prueba pertinente y admisible.

En primer lugar, sostuvo que la controversia giraba sobre la negativa del recurrido en satisfacer el pago adeudado al Grupo Atabaya por los servicios prestados al amparo del Contrato, el cual fue suscrito única y exclusivamente entre las partes de epígrafe. Ante ello, razonó que era inmaterial obtener documentación sobre las relaciones contractuales entre el peticionario y los otros municipios cuando estos eran ajenos a la reclamación incoada. Así, esgrimió que el Municipio no expuso de manera detallada como dicha información conduciría a la obtención de prueba que fuese admisible. Por lo tanto, arguyó que el descubrimiento de prueba se debió limitar a lo relacionado del caso, dentro del concepto de pertinencia.

Por otra parte, adujo que el TPI autorizó la solicitud del recurrido sin contar con la posición del Grupo Atabaya. Explicó que, el Municipio presentó su moción en solicitud de órdenes dirigida a los municipios el 19 de enero de 2026 y que el peticionario presentó su oposición el 21 de enero de 2026. No obstante, esbozó que ya para el 19 de enero de 2026, el mismo día que fue presentada la moción, el TPI la había declarado Ha Lugar

aun cuando dicha orden fue archivada y notificada el 21 de enero de 2026.

De igual forma, manifestó que lo mismo ocurrió con la segunda moción en solicitud de orden dirigida a la COR3 que presentó el recurrido el 29 de enero de 2026. Sostuvo que, el Grupo Atabaya se opuso a la misma el 30 de enero de 2026. No obstante, puntualizó que el TPI ya la había declarado Ha Lugar el 29 de enero de 2026, a pesar de que fue notificada luego de la oposición del peticionario. De esta forma, resaltó que el TPI no le garantizó su derecho a un debido proceso de ley.

En nuestro ordenamiento jurídico se ha reconocido la importancia de un descubrimiento de prueba amplio y liberal. *McNeil Healthcare v. Mun. Las Piedras II, supra,* pág. 672. Ante ello, el alcance del descubrimiento se extiende a cualquier materia que no sea privilegiada y que sea pertinente al asunto en controversia. *Ponce Adv. Med. v. Santiago González et al., supra,* págs. 898-899. No obstante, esto no constituye una carta en blanco para indiscriminadamente hostigar, perturbar o hacer que una parte incurra en gastos innecesarios. *Consejo de Titulares del Condominio Parques de Cupey v. Triple-S Propiedad, Inc., supra.* Por lo que, el tribunal goza de amplia discreción para regularlo, de manera que se garantice una solución justa, rápida y económica. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 203.

En la presente controversia, el recurrido solicitó un descubrimiento de prueba sobre los servicios que prestó el Grupo Atabaya a los municipios desde el 22 de abril de 2021 hasta el 30 de agosto de 2022. Así pues, acogida la solicitud, el TPI expidió una serie de órdenes a los municipios y a la COR3 para que produjeran los documentos e información solicitada. A tales efectos, citamos a continuación una de las siete (7) órdenes emitidas a los municipios, por ser todas idénticas entre sí:

**Primero:** Todo contrato, acuerdo, enmienda, adenda o modificación contractual suscrito entre el Municipio Autónomo de Arecibo y Grupo Atabaya LLC durante el periodo antes indicado, incluyendo aquellos registrados o validados ante la Oficina del Contralor de Puerto Rico.

**Segundo:** Todas las facturas sometidas por Grupo Atabaya LLC al Municipio Autónomo de Arecibo durante el referido periodo, independientemente de que hayan sido pagadas, parcialmente pagadas o rechazadas.

**Tercero:** Todas las hojas de servicio, informes de horas trabajadas, informes mensuales, semanales o finales, certificaciones de servicios rendidos y cualquier otro documento utilizado para evidenciar o justificar la prestación de servicios por parte de Grupo Atabaya LLC.

**Cuarto:** Todas las órdenes de compra, requisiciones, autorizaciones administrativas, certificaciones de fondos y documentos internos relacionados con la contratación y pago de los servicios de Grupo Atabaya LLC.

**Quinto:** Toda comunicación escrita, incluyendo, pero sin limitarse a, cartas, correos electrónicos, memorandos y minutas de reuniones, sostenida entre el Municipio Autónomo de Arecibo y Grupo Atabaya LLC, relacionada con los servicios prestados, su facturación, alcance, cumplimiento o pago.

**Sexto:** Evidencia de todos los pagos realizados a favor de Grupo Atabaya LLC durante el periodo objeto de este requerimiento, incluyendo fechas, montos, conceptos y comprobantes de pago.

**Séptimo:** Cualquier informe de evaluación, auditoría, cumplimiento o revisión administrativa relacionado con los servicios prestados por Grupo Atabaya LLC.

De igual forma, transcribimos *ad verbatim* la orden dirigida a la COR3 que exige la producción de:

**PRIMERO: Todo contrato, acuerdo, memorando de entendimiento, enmienda, adenda o modificación contractual, suscrito, evaluado, radicado, administrado o custodiado ante la consideración de COR3, en el cual haya participado Grupo Atabaya LLC como contratista o subcontratista, relacionado con la prestación de servicios a los siguientes municipios: Municipio Autónomo de Santa Isabel, Municipio Autónomo de Arecibo, Municipio Autónomo de Cabo Rojo, Municipio Autónomo de Ceiba, Municipio Autónomo de Coamo, Municipio Autónomo de Trujillo Alto, Municipio Autónomo de Utuado y Municipio Autónomo de Vieques.**

**SEGUNDO:** Todas las facturas, solicitudes de pago, reclamaciones, certificaciones de gastos o documentos similares sometidos por Grupo Atabaya LLC, así como toda documentación requerida para efectuar, respaldar y justificar dichas facturas de servicio, que hayan sido provistas ante COR3 o a favor de Grupo Atabaya LLC, ya sea por cualquiera de los municipios antes mencionados y/o por cualquier persona natural o jurídica que haya actuado en representación de los mismos, con autorización para informar o someter información ante COR3, incluyendo, sin limitarse a, empleados y funcionarios de los municipios, contratistas, subcontratistas del municipio, consultores o agentes autorizados, relacionados con servicios prestados durante el periodo objeto de este requerimiento.

**TERCERO:** Todas las hojas de servicio, informes de horas trabajadas, informes mensuales, semanales o finales, certificaciones de servicios rendidos, informes de progreso, entregables y cualquier otro documento utilizado para evidenciar, justificar o validar la prestación de servicios por parte de Grupo Atabaya LLC ante los municipios, a favor de estos o de cualquier tercero autorizado, incluyendo aquellos que mantengan aprobación, aval o que hayan sido tramitados, evaluados o gestionados ante COR3, durante el periodo objeto de este requerimiento

**CUARTO:** Todas las comunicaciones escritas, incluyendo, pero sin limitarse a, cartas, correos electrónicos, memorandos, minutas de reuniones y notificaciones, sostenidas entre COR3 y Grupo Atabaya LLC, y/o entre COR3 y los municipios antes indicados, relacionadas con la contratación, ejecución, evaluación, facturación, cumplimiento o pago de los servicios prestados por Grupo Atabaya LLC.

**QUINTO:** Evidencia de todos los pagos, desembolsos, retenciones o denegatorias de pago relacionadas con Grupo Atabaya LLC por los municipios, incluyendo, sin limitarse a, auditorías, fechas, montos, conceptos, programas de fondos (incluyendo, sin limitarse a, CDBG-DR, CDBG-MIT, FEMA u otros fondos federales o estatales) y comprobantes correspondientes. En aquellos casos en que no se hayan desembolsado fondos o se hayan cancelado pagos a favor de Grupo Atabaya LLC, se requiere que se expliquen detalladamente las razones y los fundamentos administrativos, contractuales o reglamentarios que dieron lugar a dicha determinación, incluyendo cualquier documentación, mensaje, comunicación, investigación, informe o récord que haya servido de base o sustento para dicha determinación.

**SEXTO:** Cualquier informe de evaluación, auditoría, monitoreo, cumplimiento, revisión administrativa

**o determinación emitida o custodiada por COR3 relacionada con los servicios prestados por Grupo Atabaya LLC a los municipios antes identificados.**

**SÉPTIMO: Todo documento, informe, registro, dato o récord que obre en las bases de datos, sistemas de información, repositorios electrónicos o archivos internos de COR3, independientemente de su formato, relacionado con Grupo Atabaya LLC y con los municipios antes mencionados durante el periodo objeto de este requerimiento.**

**OCTAVO: Toda investigación, indagación, revisión, evaluación o procedimiento promovido, iniciado o realizado por cualquier persona natural o jurídica, agencia, entidad pública o privada, relacionada con el rendimiento, cumplimiento contractual, ejecución de servicios o facturación de Grupo Atabaya LLC, respecto a cualquier contrato o servicio prestado independientemente el periodo objeto de este requerimiento, incluyendo informes, hallazgos, recomendaciones, comunicaciones internas o externas y cualquier documentación que haya servido de base o resultado de dicha investigación.**

De lo anterior surge que el Municipio solicitó y el TPI autorizó, un extenso descubrimiento de prueba sobre las relaciones contractuales entre el peticionario y terceros ajenos al pleito de los cuales el recurrido no formaba parte. Así, el Municipio expresó que dicho descubrimiento era pertinente para sus defensas y que tenía derecho a explorar información relacionada con:

1. La naturaleza y alcance real de los servicios prestados por la peticionaria.

2. La razonabilidad de las cantidades reclamadas como daños.

3. La consistencia y patrón de facturación de la peticionaria en contratos similares con otros municipios.

4. La existencia de pagos, compensaciones o reembolsos recibidos a través de otros municipios o mediante gestiones ante COR3.

5. La prevención de doble compensación por servicios similares, particularmente cuando se trata de fondos públicos.

Esto, con el propósito de proteger el uso adecuados de fondos públicos y evaluar objetivamente las reclamaciones económicas en su contra. De igual forma, señaló que el alcance de

mencionado descubrimiento de prueba se limitó al término de tiempo que el Grupo Atabaya le brindó servicios al recurrido. A su vez, indicó que lo solicitado no infligía en ninguna situación privilegiada o prohibida.

A pesar de lo expuesto, consideramos que las susodichas razones para solicitar el descubrimiento resultan ser vagas y generalizadas. El Municipio no demostró como dichos documentos e información eran pertinente para la controversia que nos ocupa, es decir, el alegado incumplimiento contractual por parte del recurrido según esbozado en la Demanda.

Recordamos que, el alcance del descubrimiento de prueba se extiende a **cualquier materia pertinente** y no privilegiada. Empero, esto no implica que el mismo se puede utilizar indiscriminadamente, por lo que podrá ser regulado de manera que se garantice una solución justa, rápida y económica conforme a lo exigido por las reglas procesales.

En este sentido, concluimos que el descubrimiento de prueba autorizado era excesivamente amplio, oneroso y ocasionaba gastos innecesarios al solicitar una cantidad desmesurada de documentos sin especificar tema o justificación. Así, entendemos que lo solicitado no era racional o proporcional a las circunstancias del caso ni tenía una posibilidad razonable de relación con el asunto en controversia. En particular, cuando el Municipio no ha presentado planteamiento alguno que nos pusiera en posición para determinar la pertinencia del descubrimiento de prueba sobre la reclamación de cobro de dinero de Grupo Atabaya en contra del Municipio de Santa Isabel. Por lo cual, juzgamos que el TPI incurrió en el error señalado al autorizar los descubrimientos de prueba solicitados. A tales efectos, revocamos las órdenes emitidas por el tribunal *a quo* el 19 y 29 de enero de 2026, respectivamente.

## IV.

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y **revocamos** los dictámenes recurridos. Ante ello, dejamos sin efecto la orden de paralización y ordenamos la continuación de los procedimientos conforme a lo aquí resuelto.

**Notifíquese Inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones